UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ENRIQUE TORRES,

CASE NO.:

Plaintiff,

v.

RICEUP ASIAN KITCHEN, INC., a Florida
Profit Corporation, and YANHUA LI, individually

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ENRIQUE TORRES ("TORRES" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, RICEUP ASIAN KITCHEN, INC., a Florida Profit Corporation ("RICEUP"), and YANHUA LI, individually ("YL") (collectively "Defendants") and states as follows:

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 hereinafter called the "FLSA") to: recover minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and other relief permitted by the FLSA, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon the FLSA, a federal statute.

3.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4.      At all times material hereto, Plaintiff was and continues to be a resident of Broward County, Florida.

5.      At all times material hereto, RICEUP was and continues to be a Florida Profit Corporation.  Further, at all times material hereto, RICEUP was and continues to be engaged in business in Florida, with its principal place of business in Broward County, Florida.

6.      At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7.      At all times material hereto, YL was and continues to be a resident of Broward County, Florida.

8.      At all times material hereto, YL operated RICEUP.

9.      At all times material hereto, YL regularly held and/or exercised the authority to hire and fire employees of RICEUP.

10.     At all times material hereto, YL regularly held and/or exercised the authority to determine the work schedules for the employees of RICEUP.

11.     At all times material hereto, YL regularly held and/or exercised the authority to control the finances and operations of RICEUP.

12.     By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of RICEUP; (b) determine the work schedules for the employees of RICEUP; and (c) control the finances and operations of RICEUP, YL is an employer as defined by 29 U.S.C. 201 *et. seq.*

13.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14.     At all times material hereto, Defendants were the "employers" within the meaning

2

of the FLSA.

15. ·Defendants were and continue to be "employers" within the meaning of the FLSA.

16. At all times material hereto, RICEUP was and continues to be "an enterprise engaged in commerce," within the meaning of the FLSA.

17. Specifically, Defendants had two (2) or more employees handling, or otherwise working on goods that had been moved in or produced for commerce.

18. At all times material hereto, Defendants and Plaintiff accepted and processed payments from their customers and others, which were drawn on out-of-state bank accounts.

19. At all times material hereto, RICEUP was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

20. At all times relevant hereto, Defendants had more than two (2) employees.

21. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

22. Specifically, at all times material hereto, Defendants had two (2) or more employees handling products, some or all of which were manufactured outside of the State of Florida.

23. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

24. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

25. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

26.     From December 18, 2015, until August 31, 2016, Plaintiff worked for Defendants as a non-exempt delivery driver, and performed marketing functions and other labor functions for Defendants.

27.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

28.     From at least December 18, 2015, and continuing through August 31, 2016, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

29.     From at least December 18, 2015, and continuing through August 31, 2016, Defendants failed to compensate Plaintiff at the federally mandated minimum wage for all hours worked in excess of forty (40) hours in a single work week.

30.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

31.     Defendants compensated Plaintiff at a flat daily rate of fifty ($50.00) dollars per day plus tips.

32.     Defendants unlawfully deducted 1.5% to 2% of Plaintiff's tips paid for by restaurant patrons via credit card, and kept such wages for themselves.

33.     Defendants failed to keep accurate pay and time records for Plaintiff during his employment and since learning of this lawsuit, have made up pay and time records that purport to relate to Plaintiff's employment.  These pay and time records, which purport to demonstrate that Plaintiff was paid overtime and minimum wage are fraudulent as will be demonstrated during the litigation of this matter.

4

34.     Plaintiff should be compensated at the federally mandated minimum wage for all hours that Plaintiff worked for Defendants.

35.     Plaintiff worked approximately 70 hours per week for Defendant.

36.     On August 16, 2016, Plaintiff retained undersigned counsel.

37.     On August 19, 2016, Plaintiff demanded to be paid proper minimum wage and time-and-a-half for all hours worked in excess of forty (40) in a given work week, pursuant to the FLSA, pursuant to a demand letter sent to Defendants.

38.     On August 31, 2016, Defendants unlawfully terminated Plaintiff's employment in retaliation for his demand to be paid pursuant to the FLSA, and his counsel's correspondence threatening to file same.

39.     Defendants' reason for terminating Plaintiff is a pretext.

40.     Plaintiff's termination was unquestionably in direct retaliation for engaging in the protected activity described above.

41.     Plaintiff suffered adverse action as a direct result of refusing to participate in and/or objecting to Defendant's illegal workplace wage practices, in violation of the FLSA.

42.     Defendants have violated Title 29 U.S.C. §§ 206 and 207 throughout Plaintiff's employment in that:

      a.     Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

      b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA;

      c.     No payments or provisions for payment have been made by Defendants to

properly compensate Plaintiff at the federally mandated minimum wage for all hours worked as required by the FLSA; and

d.      Defendants failed to maintain proper time records as mandated by the FLSA.

43.      Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

44.      Plaintiff re-alleges and reavers paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

45.      From December 18, 2015, until August 31, 2016, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

46.      Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

47.      At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

48.      Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

49.      Defendants failed to properly disclose to, or apprise Plaintiff of, his rights under the FLSA.

50.      Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

51.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant for any and all damages permitted by the statute, inclusive of attorneys' fees and costs.

## COUNT II
## VIOLATION OF 29 U.S.C. §206 MINIMUM WAGE

52.     Plaintiff re-alleges and reavers paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

53.     From December 18, 2015, until August 31, 2016, Plaintiff was not compensated at the federally mandated minimum wage for all hours worked.

54.     Plaintiff was and is entitled to be paid at the statutory minimum wage for all hours worked.

55.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

56.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the federally mandated minimum wage when they knew, or should have known, such was, and is due.

57.     Defendants failed to properly disclose to, or apprise Plaintiff of, his rights under the FLSA.

58.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for Defendants' failure to pay minimum wage for all hours worked, plus liquidated damages.

59.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant for any and all damages permitted by the statute, inclusive of attorneys' fees and costs.

## COUNT III
## RETALIATION IN VIOLATION OF 29 U.S.C. 215(a)(3)

60.     Plaintiff re-alleges and reavers paragraphs 1 through 43 of the Complaint, as if fully set forth herein.

61.     Plaintiff, through counsel, objected to Defendants' illegal pay practices on August 19, 2016, and demanded payment for same or litigation would ensue.

62.     Prior to objecting to these illegal pay practices, Plaintiff was considered an exemplary employee with no documented history of performance, attendance, or disciplinary problems.

63.     On August 31, 2016, as direct result of Plaintiff objecting to Defendants' illegal pay practices, Defendant unlawfully terminated Plaintiff's employment.

64.     Plaintiff was terminated for no reason other than objecting to Defendant's illegal pay practices.

65.     The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3)

66.     In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied' lodge complaints or supply information to officials regarding allegedly substandard employment practices

8

and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in his favor against Defendant for any and all damages permitted by the statute, inclusive of attorneys' fees and costs.

## COUNT IV
## DECLARATORY RELIEF

67.     Plaintiff adopts all allegations in paragraphs 1 through 43.

68.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

69.     The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act.  28 U.S.C. §§ 2201-2202.

70.     Plaintiff may obtain declaratory relief.

71.     Defendants employed Plaintiff.

72.     Defendant RICEUP is an enterprise, subject to the coverage of the FLSA in December 2015.

73.     Defendant RICEUP is an enterprise, subject to the coverage of the FLSA in 2016.

74.     Defendant YL is an employer as defined by the FLSA.

75.     Plaintiff was individually covered by the FLSA.

76.     Defendants failed to pay Plaintiff minimum wage for all hours worked.

77.     Defendants failed to pay Plaintiff for time and one half overtime hours worked.

78.     Defendants failed to pay Plaintiff in a timely fashion, as required by the FLSA.

79.     Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

80.     Defendants failed to take affirmative steps to support a good faith defense.

81.     Plaintiff is entitled to liquidated damages.

82.     It is in the public interest to have these declarations of rights recorded.

83.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

84.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

 a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and maximum hour provisions of the FLSA;

 b.  Awarding Plaintiff the declaratory relief sought herein;

 c.  Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

 d.  Awarding Plaintiff minimum wage for all hours worked;

 e.  Awarding Plaintiff liquidated damages in an amount equal to the overtime and minimum wage award;

 f.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

 g.  Awarding Plaintiff pre-judgment interest;

 h.  Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

10

Dated:  September 6, 2016.

Respectfully submitted,

Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
Richard Celler, Esq.
Florida Bar No. 0173370
E-mail: richard@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771

*Trial Counsel for Plaintiff*