UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62123-CIV-BLOOM

ENRIQUE TORRES,

       Plaintiff,

v.

RICEUP ASIAN KITCHEN, INC., a Florida
corporation, and YANHUA LI, individually,

       Defendants.
_____/

## JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE

The Parties, the Plaintiff, Enrique Torres, and the Defendants, Riceupo Asian Kitchen, Inc. and Yanhua Li, by and through their undersigned attorneys, hereby notify the Court of their settlement of this case subject to and conditioned on the relief sought herein. Specifically the parties respectfully request that the Court approve the settlement agreement and dismiss the case with prejudice.

1. That the court review and approve of the settlement of the action as negotiated between the parties, as set forth in the parties' settlement agreement; and

2. That the Court will dismiss the case with prejudice.

### APPROVAL OF SETTLEMENT AGREEMENT

3. The case includes claims for overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). The claim involves numerous contested issues of fact and law concerning the Plaintiff's claims. Defendants deny and dispute liability (they contend they are not an enterprise engaged in interstate commerce as they do not have the requisite $500,000 in gross annual sales and Plaintiff was paid overtime), damages entitlement, and calculations of all or part of many of Plaintiff's claims. With regard to the FLSA claim, there are bona fide disputes as to whether Defendants failed to pay the Plaintiff any overtime, and whether the Defendants are an enterprise

<sub>engaged in commerce, as their gross annual sales do not exceed $500,000. The Plaintiff provided a presuit demand, which caused the parties to engage in negotiations to try to settle it, but they were unable to do so at that time.</sub>

engaged in commerce, as their gross annual sales do not exceed $500,000. The Plaintiff provided a presuit demand, which caused the parties to engage in negotiations to try to settle it, but they were unable to do so at that time.

4. In light of the apparent risk and expense to both parties in continuing with the litigation, the parties, through their authorized representatives and counsel of record, have reached a fair and reasonable, confidential settlement. At all times relevant to this action, the Plaintiff has been represented by Richard Celler, and has had the benefit of his counsel and advice.

5. A confidential settlement agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' many disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

6. The parties jointly advise the Court that the settlement reached in this case did not involve coercion, collusion or undue influence, but rather is a fair and reasonable settlement of Plaintiff's alleged claims and was arrived at after months of offers, counteroffers, and deliberation by both Plaintiff and Defendants. Similarly, the parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement.

7. The settlement agreement is, however, conditioned on the Court's approval of the settlement and subsequent dismissal of this action with prejudice. Therefore, the parties request approval of the settlement agreement, which is submitted to the Court *in camera* under separate cover.

8. Counsel for the Plaintiff states that Richard Celler has spent well in excess of 20 hours litigating this matter. Therefore, with respect to its hourly billing, Richard Celler has taken a reduction with respect to attorneys' fees in relation to the settlement. The significant compromise for attorneys' fees to be paid by Defendants is being accepted in resolution of all attorneys' fees and costs owed to Plaintiff's Counsel to ensure that Plaintiff is not paying any monies or having her recovery under the

engaged in commerce, as their gross annual sales do not exceed $500,000. The Plaintiff provided a presuit demand, which caused the parties to engage in negotiations to try to settle it, but they were unable to do so at that time.

4. In light of the apparent risk and expense to both parties in continuing with the litigation, the parties, through their authorized representatives and counsel of record, have reached a fair and reasonable, confidential settlement. At all times relevant to this action, the Plaintiff has been represented by Richard Celler, and has had the benefit of his counsel and advice.

5. A confidential settlement agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' many disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

6. The parties jointly advise the Court that the settlement reached in this case did not involve coercion, collusion or undue influence, but rather is a fair and reasonable settlement of Plaintiff's alleged claims and was arrived at after months of offers, counteroffers, and deliberation by both Plaintiff and Defendants. Similarly, the parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement.

7. The settlement agreement is, however, conditioned on the Court's approval of the settlement and subsequent dismissal of this action with prejudice. Therefore, the parties request approval of the settlement agreement, which is submitted to the Court *in camera* under separate cover.

8. Counsel for the Plaintiff states that Richard Celler has spent well in excess of 20 hours litigating this matter. Therefore, with respect to its hourly billing, Richard Celler has taken a reduction with respect to attorneys' fees in relation to the settlement. The significant compromise for attorneys' fees to be paid by Defendants is being accepted in resolution of all attorneys' fees and costs owed to Plaintiff's Counsel to ensure that Plaintiff is not paying any monies or having her recovery under the

settlement adversely affected. Plaintiff advises the Court that the attorneys' fees and costs agreed upon to be paid by Defendants under the parties' settlement are separate and distinct from the consideration to be paid to resolve Plaintiff's underlying FLSA claims. As numerous Courts have held, where a plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. *See, e.g., Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009).

## DISMISSAL OF LITIGATION

Finally, the parties request that the Court dismiss the action, if it approves the settlement agreement. A proposed order to accomplish 1) approval of the settlement agreement; and 2) dismissal of the litigation, is submitted herewith as Exhibit 2.

WHEREFORE, the parties hereby respectfully move for approval of the settlement and for entry of order reflecting their agreement to dismiss this action with prejudice.

Respectfully submitted this 1st day of December, 2016.

s/Chris Kleppin
Chris Kleppin, Esq.
Florida Bar No. 625485
E-mail: ckleppin@gkemploymentlaw.com
Glasser & Kleppin, P.A.
8751 W. Broward Blvd, Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Fax (954) 474-7405
Attorneys for Defendants

s/Noah Storch
Noah Storch, Esq.
Florida Bar No.: 085476
Email: noah@floridaovertimelawyer.com
Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (954) 447-0017
Facsimile: (954) 447-0018
Attorney for Plaintiff

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. **The Parties.** For and in consideration of the promises and covenants contained in this Settlement Agreement and General Release ("Agreement"), the parties, Plaintiff Enrique Torres, for himself and his heirs, representatives, executors, administrators, successors and assigns (collectively referred to throughout this Agreement as "Torres"), and Defendants Riceup Asian Kitchen, Inc. and Yanhua Li, and their respective officers, directors, agents, employees, insurers, successors, and assigns, as applicable (collectively referred to throughout this Agreement as "Defendants"), covenant and agree that:

2. **Compromise Settlement.** This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner, as set forth below.

3. **No Admissions.** This Agreement does not constitute an admission of liability on the part of Defendants specifically denies violation of any law, rule, regulation, contractual right or any other duty or obligation with respect to Torres's alleged employment with Defendants

4. **Consideration.** In consideration for signing this Agreement and General Release and compliance with the promises made herein, Defendants agree to pay to Torres and his counsel the total sum of Three Thousand Five Hundred Dollars ($3,500.00), in full and final settlement and resolution of all claims made by Torres.

Within twenty (20) days of the acceptance of this Agreement by the Court, $3,500.00 of the settlement proceeds shall be paid to Torres and his counsel and, allocated as follows:

    a.    One check made payable to the order of Enrique Torres in the amount of $500.00(Five Hundred Dollars and Zero Cents ) in consideration of all wage and hour claims made by Torres, including but not limited to overtime and liquidated damages. Defendants shall issue a W-2 form to Torres for $500.00 minus the appropriate withholding.

    b.    One check made payable to the order of Richard Celler Legal, P.A. in the amount of $3,000.00 (Three Thousand Dollars and Zero Cents) in consideration of all claims made by Torres and in this case, including but not limited to attorneys' fees, costs, and disbursements. Defendants shall issue a Form 1099 to Richard Celler Legal, P.A. for this amount.

The Parties shall file a Joint Motion for Court Approval of Settlement Agreement, as more fully set forth in Paragraph 9 below. A fully executed copy of the Join Motion, and a copy of the proposed Final Order of Dismissal, shall be provided to Counsel for Torres when they are filed with the Court. Torres agrees to hold Defendants harmless from any tax liability that may arise from the distribution of the funds from this Settlement.

5.    **No Consideration Absent Execution of this Agreement**. Torres understands and agrees that he would not receive the monies and/or benefits specified in Paragraph 4 above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

6. **General and Complete Release.** Except for the obligations required by this Agreement, Torres does hereby release, acquit and forever discharge Defendants of and from any and all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, suits, debts, demands and benefits of whatever character in law, or in equity, known or unknown, suspected or unsuspected, matured or unmatured, of any kind or nature, whatsoever, now existing or arising in the future based on any act or omission, event, occurrence, or non-occurrence, from the beginning of time to the date of execution of this Agreement, including but not limited to, any claims or causes of action arising out of or in any way relating to Torres's employment with Defendants, including but not limited to any alleged violation of:

- the Florida Public Employees Relations Act, as amended;
- Title VII of the Civil Rights Act of 1964, as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended;
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Fair Labor Standards Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act, as amended;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and

- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters.

In consideration of the valuable consideration provided for in this Agreement, Torres intends to give up any rights he might have under these or any other laws with respect to his employment with Defendants.

7.  **Release of Unknown Claims.** For the purpose of implementing a full and complete Release, Torres expressly acknowledges that the Release he gives in this Agreement is intended to include in its effect, without limitation, claims that he did not know or suspect to exist in his favor at the time of the effective date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based would materially have affected the settlement of this matter and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any unknown claims.

8.  **No Other Claims Exist**. Other than the Federal Court Action, as defined in paragraph 9 below, Torres confirms that he has not filed, caused to be filed, and is not a party to any claim, charge, complaint, or action against Defendants in any forum. In the event that any such claim, charge, complaint or action is filed, relating to matters which existed on or before the date of this Agreement, except for enforcement of this Agreement, Torres shall not be entitled to recover any relief or recovery therefrom, including costs and attorney's fees.

9.  **Court Approval and Dismissal with Prejudice of Pending Lawsuit.** In or about September 2016, a lawsuit was filed styled Enrique Torres, Plaintiff, v. Riceup Asian Kitchen, Inc. and Yanhua Li, Defendants, Case No. 16-62123-CIV-BLOOM, in the United States District Court for the Southern District of Florida ("the Federal Court Action"), by Torres.

4

This Agreement is subject to Court approval, and upon such approval, the Federal Court Action shall be dismissed with prejudice by means of a Joint Motion for Court Approval of Settlement Agreement signed by counsel for the parties, and disbursement of the funds shall be made as stated herein twenty (20) days after Court Approval. The Stipulation of Dismissal and the proposed Order Accepting Settlement and Dismissal of Case with Prejudice shall provide that the parties shall bear their own costs and attorneys' fees relating to the Federal Court Action, and that in the event that it is necessary to file a copy of this Agreement with the Court, it shall be filed under seal or a motion for in camera review or hearing before the Judge will be filed. The Parties agree to jointly request a telephonic hearing should same be necessary.

10. **No Disparaging Comments.** Torres covenants and agrees that he shall not engage in any pattern of conduct that involves the making or publishing of written or oral statements or remarks, (including, without limitation, the repetition or distribution of derogatory rumors, allegations, negative reports or comments) which are disparaging, deleterious or damaging to the integrity, reputation or good will of Defendants. Torres agrees never to apply for employment with the Defendants in the future, and will bring no cause of action if he mistakenly applies, and believes that he is not hired unjustly.

11. **References.** Torres agrees to direct all reference inquiries regarding his alleged employment with Defendants to Yanhua Li. Upon request, Defendants agree that Yanhua Li, or her designee, will confirm the dates he provided services and type of work performed by Torres, and will not disclose any other information unless requested in writing by Torres, or unless compelled by law to do so.

12. **Successors.** This Agreement shall be binding upon and shall inure to the benefit of Torres, and shall be binding upon and shall inure to the benefit of Defendants, and their respective heirs, administrators, successors and assigns, as applicable.

13. **Validity of Agreement.** Should any provision in this Agreement be declared to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement, and all remaining provisions shall remain valid and enforceable.

14. **Voluntary Agreement.** The parties understand and agree that they:

   (a) have had a reasonable time within which to consider this Agreement before executing it;

   (b) have carefully read and fully understand all of the provisions of this Agreement;

   (c) have agreed, through this Agreement, that Torres is releasing Defendants from any and all claims he may have against them;

   (d) knowingly and voluntarily agree to all of the terms set forth in this Agreement;

   (e) knowingly and voluntarily intend to be legally bound by same;

   (f) were advised to consider the terms of this Agreement with counsel, and have consulted with their counsel prior to executing this Agreement, and

   (g) are duly authorized and have full authority to execute this Agreement.

15. **Confidentiality.** The Plaintiff agrees that he will not disclose the terms of this Agreement to anyone other than his counsel, his accountant/tax advisor and IRS. The Plaintiff further agrees to have no further communication in any way relating to this settlement with any person, except those who may be informed as set forth in the below paragraph, provided that

6

each person so informed (except for the IRS) is told that he or she is not to disclose the matter further. To all others, including but not limited to Torres's spouse, any employee or former employee of Defendants, the press or any other inquiry whatsoever, the Plaintiff may say only that "the matter is resolved and I cannot talk about it", or words to that effect. In the event it is necessary for any Party to retain the services of an attorney or to initiate legal proceedings to enforce the terms of this Agreement, the prevailing party or parties shall be entitled to recover from the non-prevailing party or parties, all costs of such enforcement, including reasonable attorney's fees and including trial and appellate proceedings.

16. **Not Medicare Recipient.** Torres affirms and warrants that he is not a Medicare beneficiary and is not currently receiving, has not received in the past, is not eligible for, and has not applied for or sought benefits from Medicare. Torres agrees to indemnify and hold Defendants harmless for any penalties or liability, including interest, that may be asserted against Defendants pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y(b)(8), as a result of the payments described in Paragraph 4 of this Agreement.

17. **No Additional Representations.** Each party acknowledges that except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement.

18. **Amendment or Modification.** This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

19. **Affirmations.** Torres further affirms that he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement.

20. **Entire Agreement.** This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except as set forth in this Agreement.

21. **Captions.** The captions and headings used in this Agreement are for convenience and means of reference only, and shall not be used to construe, interpret, expand or limit the terms of this Agreement.

22. **Counterparts.** The parties agree that this Agreement may be executed by the parties in multiple parts, or in counterparts, each of which shall be considered an original.

23. **Construction.** Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity, the Agreement shall not be construed against any party.

24. **Copy of Agreement Valid.** The parties agree that executed copies of this Agreement shall be valid and binding, in the event the original executed Agreements are missing.

25. **Attorneys' Fees.** In the event it is necessary for any Party to retain the services of an attorney or to initiate legal proceedings to enforce the terms of this Agreement, the prevailing party or parties shall be entitled to recover from the non-prevailing party or parties, all costs of such enforcement, including reasonable attorney's fees and including trial and appellate proceedings.

26. **Governing Law and Interpretation.** This Agreement shall be governed and interpreted in accordance with applicable federal laws and applicable laws of the State of Florida, without regard to its conflict of laws provision.

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth below.

ENRIQUE TORRES
Date: 30/11/2016

RICEUP ASIAN KITCHEN, INC., a Florida corporation
By: _____
Title: President

YANHUA LI
_____

Settlement Agreement – 11-10-2016

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-62123-CIV-BLOOM

ENRIQUE TORRES,

    Plaintiff,

v.

RICEUP ASIAN KITCHEN, INC., a Florida
corporation, and YANHUA LI, individually,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE**

THIS CAUSE came before the Court on the Joint Motion for Court Approval and for Dismissal with Prejudice between the Plaintiff and Defendants, and the Court having considered same, having reviewed the file including the Parties' Settlement Agreement, and being otherwise advised in the premises, it is hereby ORDERED and ADJUDGED, as follows:

The Court finds that the settlement agreement is a fair settlement agreement of a FLSA claim given the nature of the claims and defenses as set forth in the pleadings and the Parties' Joint Motion for Court Approval and Dismissal with Prejudice, utilizing the factors as set forth in order to approve a FLSA settlement in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

Accordingly, it is hereby ORDERED and ADJUDGED that this case is DISMISSED with prejudice.

DONE and ORDERED in Chambers at Miami, Florida, this ____ day of _____, 2016.

                                            BETH BLOOM
                                            UNITED STATES DISTRICT JUDGE

Copies provided to:

Richard Celler, Esq.
Chris Kleppin, Esq.